IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: ASBESTOS PRODUCTS | : | CONSOLIDATED UNDER |
| LIABILITY LITIGATION (No. VI) | : | MDL DOCKET 875 |
| | : | |
| | : | |
| JOHN H. HOLCZER, et al. | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| A.O. SMITH CORP., et al. | : | NO. 21-420 |

**MEMORANDUM AND ORDER**

ELIZABETH T. HEY, U.S.M.J.                                          October 21, 2021

Presently before the court is Plaintiffs' Motion to Compel More Specific Answers to Interrogatories and Requests for Production from Defendant Viad Corp. ("Viad") (Doc. 235), Viad's response (Doc. 240 & 240-1), and Plaintiffs' reply (Doc. 242).[1] For the reasons set forth below, the motion will be denied.

**I.     BACKGROUND**

In this action, Plaintiffs, John Holczer and Wanda Holczer, seek damages for personal injuries allegedly suffered by John Holczer due to his exposure to asbestos-containing products manufactured or supplied by various defendants, including Viad, during his service in the United States Navy from 1974 to 1977 on the USS Midway and the USS Durham.  See Third Amended Complaint (Doc. 188).  Plaintiffs assert that Viad is "the successor in interest to Griscom Russell and is responsible for all injuries caused

---

[1]Viad avers that it is improperly pled as Viad Corporation f/k/a Dial Corp.  Doc. 240-1 at 1.

by exposure to asbestos products installed on or designed to be or expected to be used on Griscom Russell products." Id. ¶ 9(oo).  Viad denies that it is the successor-in-interest to Griscom-Russell.  See, e.g., Viad's Answer to Third Amended Complaint (Doc. 195), at 9 & Affirmative Defense 1; Doc. 240-1 at 8.[2]  The matter was originally filed in the Philadelphia Court of Common Pleas, and on January 29, 2021, was removed to this court pursuant to 28 U.S.C. § 1442(a)(1).  See Notice of Removal (Doc. 1).

On February 23, 2021, Mr. Holczer was deposed in this matter.[3]  He testified that he served in the Navy and was assigned to the USS Midway and USS Durham.  Holczer Dep. at 10, 38.  Mr. Holczer testified that he was assigned to the main boiler room for his entire tour on the USS Midway, but that he served in other areas, including in evaporator and auxiliary machine rooms, during "repair times, once in a while when they needed people." Id. at 86-87.  When asked whether he ever worked "on the evaporator or the distiller area," he replied, "No, I never did." Id. at 37.

By letters dated March 5, 2021, Plaintiffs served upon Viad fifty-two numbered Interrogatories (each with subparts)[4] and four Requests for Production of Documents, the latter requesting (1) all documents concerning products sold by Viad for use on the USS

---

[2]Citations are to the Court's ECF pagination, except for depositions which are cited by transcript pagination.

[3]The parties provide only those portions of Mr. Holczer's deposition upon which they rely.  See Doc. 235 Exh. E (transcript pages 86-89, 126-29); Doc. 240-2 (transcript pages 10-13, 34-41) (collectively, "Holczer Dep.").

[4]Although the title of Plaintiffs' motion to compel references answers to interrogatories, the only relief requested is document production.  Doc. 235 at 1, 5, 7.  For this reason I do not address whether Plaintiffs' interrogatory requests were proper.

Midway and USS Durham, (2) all documents concerning asbestos on such products, (3) all depositions concerning products sold by Viad on those ships, and (4) all contracts between Viad and Newport News Shipbuilding and Drydock for construction of the USS Midway.  See Cover Letters dated 03/05/21, Doc. 235 Exh. G.[5]  On April 16, 2021, Viad provided responses, indicating in relevant part that it did not have any responsive documents.  See Defendant Viad Corp's Responses to Plaintiffs' Requests for Production of Documents, Doc. 235 Exh. H.

On June 15, 2021, Plaintiffs' counsel sent correspondence to Viad's counsel stating that "Mr. Holczer testified that he worked in the rooms with the evaporators.  VIAD's predecessor Griscom Russell made these products," and demanding supplemental responses to its prior discovery requests within five days, including "documents concerning the evaporators on the Midway."  Letter dated 06/15/21, Doc. 240-2 at 7.  Ten days later, Plaintiffs' counsel sent a letter requesting supplemental responses to certain Interrogatories, as well as (1) the Griscom-Russell manual and product lists for aircraft carriers, (2) any Griscom-Russell documents involving the USS Midway, and (3) copies of any depositions concerning asbestos in Griscom-Russell items for the Navy.  Letter dated 06/25/21, Doc. 240-2 at 8.  Viad responded on July 15, 2021, denying that Viad is Griscom-Russell's successor and reiterating that it did not have any responsive documents.  Letter dated 07/15/21, Doc. 240-2 at 13.  As Plaintiffs concede in

---

[5] Neither party attaches these Interrogatories and Request for Production to their submissions, but the discovery requests are reproduced in Viad's responses, Doc. 235 Exh. H, and Plaintiffs do not contest Viad's representations concerning the discovery requests.  See Doc. 235 at 3-6; Doc. 242.

3

the present motion, "Plaintiff[s] accepted the letter of July 15 and ceased all discovery requests to VIAD." Doc. 235 at 4.

On September 17, 2021, Plaintiffs' counsel sent another letter to Viad's counsel, stating that he had learned that a Griscom-Russell manual had been used as an exhibit during a 2006 deposition of Viad's expert, Charles R. Cushing, Ph.D., in a different case. Letter dated 09/17/21, Doc. 240-2 at 16. Plaintiffs requested, inter alia, a copy of the manual, as well as any Griscom-Russell manuals for aircraft carriers. Id.

On September 24, 2021, before Viad's counsel responded to the September 17th letter, Plaintiffs filed the present motion to compel requesting three or four specific categories of documents. Doc. 235 at 5, 7. On the same day, Plaintiffs' counsel mailed a letter to Viad's counsel acknowledging that prior requests sought documents provided to Viad's corporate designees, rather than Viad's experts, and attached Requests for Production requesting all documents supplied to its experts, including but not limited to (1) Griscom-Russell manuals for evaporators and distillers for aircraft carriers, (2) all depositions discussing the asbestos content of Griscom-Russell equipment for ships, and (3) any depositions concerning Griscom-Russell products on aircraft carriers. See Letter dated 09/24/21, Doc. 240-2 at 21 ("09/24/21 Letter"); Requests for Production, Doc. 240-2 at 22. Plaintiffs' counsel stated that he filed the motion due to the impending discovery deadline of October 4, 2021, acknowledged that Viad's response to the motion would be after the end of the discovery, and indicated that he would withdraw the motion if Viad provided the requested documents. 09/24/21 Letter, Doc. 240-2 at 21.

By letter dated September 29, 2021, Viad responded to Plaintiffs' September letters. See Letter dated 09/29/21, Doc. 240-2 at 24-26. Viad advised that it had not yet retained any experts in this case, that it had no documents responsive to Plaintiffs' recent requests, including any Griscom-Russell manuals, and that the manual used in the prior litigation had been produced by opposing counsel. Id. at 24-25. On October 7, 2021, Viad responded to Plaintiffs' motion, Docs. 239 & 240, after which Plaintiffs filed a reply. Doc. 242. The Honorable Eduardo C. Robreno has referred this motion to the undersigned for disposition. Doc. 76.

## II. LEGAL STANDARDS

Under the Federal Rules of Civil Procedure, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . ." Fed. R. Civ. P. 26(b)(1). Discovery rules are construed liberally in favor of the party seeking discovery and it is generally allowed if the information sought is "relevant to the subject matter involved in the pending action." Hickman v. Taylor, 329 U.S. 495, 503 (1947); see also First Niagara Risk Mgmt., Inc. v. Folino, 317 F.R.D. 23, 25 (E.D. Pa. 2016) (party moving to compel discovery bears burden of demonstrating relevance of requested information). "Evidence is relevant 'if it has any tendency to make a fact more or less probable than it would be without the evidence' and 'the fact is of consequence in determining the action.'" In re Suboxone Antitrust Litig., No. 13-MD-2445, 2016 WL 3519618, at *3 (E.D. Pa. June 28, 2016) (quoting Fed. R. Evid. 401). Once a party seeking to compel discovery demonstrates that the information sought is relevant, the burden shifts to the objecting party to show, in specific terms, why the discovery request

5

is improper. Clemens v. N.Y. Cont. Mut. Fire Ins. Co., 300 F.R.D. 225, 227 (M.D. Pa. 2014) (citing Hicks v. Big Bros./Big Sisters of Am., 168 F.R.D. 528, 529 (E.D. Pa. 1996)).

Requests for production of documents are governed by Federal Rule of Civil Procedure 34, which provides that a party may serve a request within the scope of Rule 26(b) to produce documents "in the responding party's possession, custody or control." Fed. R. Civ. P. 34(a)(1). "Documents are deemed to be within the party's 'possession, custody or control' if the party has actual possession, custody or control, or has the legal right to obtain the documents on demand. . . . Specifically, control is defined as 'the legal right, authority, or ability to obtain upon demand documents in the possession of another.'" Dixon v. Williams, 2016 WL 631356, at *3 (M.D. Pa. Feb 17, 2016) (quoting In re Bankers Trust Co., 61 F.3d 465, 469 (6th Cir. 1995); Florentia Cont. Corp. v. R.T.C., No. 92 CV 1188, 1993 WL 127187, at *3 (S.D.N.Y. Apr. 22, 1993)).

The Federal Rules further require that a motion to compel "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). Additionally, this court's Local Rules provide that "[n]o motion or other application pursuant to the Federal Rules of Civil Procedure governing discovery or pursuant to this rule shall be made unless it contains a certification of counsel that the parties, after reasonably effort, are unable to resolve the dispute." E.D. Pa. Local R. Civ. P. 26.1(f).

Decisions related to the scope of discovery, including what discovery may be compelled, are matters committed to the sound discretion of the court. Marroquin-Manriquez v. I.N.S., 699 F.2d 129, 134 (3d Cir. 1983); Wisniewski v. Johns-Manville Corp., 812 F.2d 81, 90 (3d Cir. 1987).

### III.  DISCUSSION

Defendant Viad asserts three bases to deny the present motion; (1) it does not possess any documents responsive to Plaintiffs' requests, (2) Plaintiffs' counsel did not meet and confer with Viad's counsel as required by the Federal and Local Rules of Civil Procedure, and (3) Plaintiffs are engaged in an impermissible fishing expedition insofar as the documents requested are not relevant to Plaintiffs' claims. Doc. 240-1 at 6-13.

Taking these arguments in reverse order, I first find that Plaintiffs are not engaged in an impermissible fishing expedition. The documents sought by Plaintiffs concern equipment such as evaporators manufactured by Griscom-Russell for use on the USS Midway, where Mr. Holczer worked during his time in the Navy. Although Mr. Holczer testified that he was assigned to the main boiler room for his entire tour on the USS Midway, and that he "never" worked "on the evaporator or the distiller area," Holczer Dep. at 37, he also stated that he worked in evaporator and auxiliary machine rooms during "repair times, once in a while when they needed people." Id. at 86-87. Thus, Plaintiffs' attempt to obtain discovery related to Griscom-Russell evaporators on the USS Midway does not constitute an improper fishing expedition.

As for the requirement that Plaintiffs' counsel meet and confer prior to filing a motion to compel, I find that Plaintiffs have not violated the Federal or Local Rules. As

an initial matter, Plaintiffs facially satisfied the Rules by filing a Statement of Good Faith Effort to Resolve Despite. See Doc. 235 at 6. However, Viad argues that Plaintiffs incorrectly frame the issue as a single discovery dispute spanning several months, and instead avers that there were two discovery disputes and that Plaintiffs filed the present motion in connection with the second dispute before there had been a reasonable effort to meet and confer. Doc. 240-1 at 10-11. As explained in the background summary, beginning on March 19, 2021, Plaintiffs sought documents from Viad related to products sold for use on the USS Midway, including evaporators manufactured by Griscom-Russell, and ceased all discovery requests to Viad following receipt of Viad's letter dated July 15, 2021, in which Viad reiterated that it did not possess any responsive documents. Thereafter, on September 17, 2021, Plaintiffs requested that Viad provide a copy of a Griscom-Russell evaporator manual which Plaintiffs had learned was used as an exhibit during a deposition of Viad's expert, Mr. Cushing, in a previous case, as well as any Griscom-Russell manuals for aircraft carriers. On September 24, 2021, before Viad had responded to the September 17th letter, Plaintiffs filed this motion and sent another letter to Viad's counsel along with Requests for Production requesting all documents supplied to Viad's experts related to Griscom-Russell equipment on naval vessels. Given this background, even if I were to accept Viad's position that there were two separate discovery disputes, they both concerned Viad's alleged possession of Griscom-Russell documents concerning equipment on the USS Midway, and are therefore closely related. Accordingly, I find that Plaintiffs satisfied the meet and confer requirements of the Federal and Local Rules before filing the present motion.

Having found Plaintiffs' discovery requests permissible and their motion properly filed, I turn now to the fundamental issue: Whether Viad should be compelled to produce the documents sought by Plaintiffs. Certainly if Viad were the successor-in-interest to Griscom-Russell, it could be expected to be in possession, custody or control of Gricom-Russell documents.[6] Plaintiffs aver that Viad is the successor-in-interest to Griscom-Russell and attach to their motion the findings of fact and conclusions of law made by a state court in Washington that made such a determination. See Payne v. Saberhagen Holdings, Inc., No. 05-2-35924-2 SEA, 2006 WL 3956071, Findings of Fact and Conclusions of Law (Super. Ct. Wa. King Co. July 11, 2006) (attached to Doc. 235 at Exh. A), Conclusion of Law ¶ 9. Viad counters that it is not the successor-in-interest, that the Payne case was overturned on appeal, and that it does not possess the materials sought, including the Griscom-Russell manual Plaintiffs seek in discovery. Doc. 239 ¶¶ 4, 6, 10, 11.

Plaintiffs' reliance on the findings of law made by the Washington Superior Court for King County is misplaced. On appeal, the Washington Appellate Court overturned the lower court's decision on this precise point. See Payne v. Saberhagen Holdings, Inc., 190 P.3d 102, 105 (Wa. Ct. App. 2008) ("Viad Corporation's predecessor, Baldwin-Lima-Hamilton (PA), did not acquire Griscom-Russell's asbestos-related liabilities when it purchased Griscom-Russell's parent company, Hamilton Thomas, in 1962."). Not only do Plaintiffs primarily rely on a case which had been overturned, but as Viad points out

---

[6]Whether Viad is the legal successor-in-interest to Griscom-Russell cannot be determined at the discovery stage of litigation.

9

"[n]o Court has determined that Viad is the successor-in-interest to Griscom-Russell." Doc. 239 ¶ 4.[7] Plaintiffs may certainly attempt to prove their successor theory and properly sought discovery in that attempt, but wishing does not make it so.

Similarly misplaced is Plaintiffs' reliance on the fact that a manual for the Griscom-Russell distilling plant installed aboard a class of naval destroyers was introduced as an exhibit during a deposition in the Payne matter.  Viad points out that the manual was produced at the deposition by opposing counsel and not by Viad, see Doc. 240-1 at 8, and this position appears to be confirmed by the transcript of the relevant deposition.  See Deposition Transcript of Charles R. Cushing, Ph.D. (Doc. 235 Exh. D), at 47-48 (manual in question referred to as being provided as an exhibit to a declaration of the plaintiff's attorney).  In apparent recognition of this, Plaintiffs in their reply argue that Viad should nevertheless be compelled to produce the manual because "[i]t is impossible to believe that VIAD's counsel would not insist on a copy being provided to VIAD's counsel of any document shown to one of its witnesses at a deposition."  Doc. 242 at 3.  Plaintiffs point to no authority for the notion that a party from whom discovery

---

[7]Although Plaintiffs attach only the lower court Payne decision to its motion, they also identify Fortier v. A.O. Smith, No. FBTCV0650058495, 2009 WL 455424 (Conn. Super. Ct. Fairfield Jan. 13, 2009), and Braaten v. Saberhagen, 151 P.3d 1010 (Wa. Ct. App. 2007), as having held that Viad is the successor-in-interest to Griscom-Russell. Doc. 235 at 3.  First, neither decision is binding on this court.  Second, the cases do not support Plaintiffs' position.  In Fortier, the Connecticut court did not find that Viad was the successor-in-interest to Griscom-Russel, but rather denied Viad's motion for summary judgment because material facts existed as to whether Viad was the successor-in-interest.  2009 WL 455424, at *3.  In Braaten, which was overturned on appeal, see Braaten v. Saberhagen Holdings, 198 P.3d 493 (Wa. 2008), Viad was neither a named defendant, nor mentioned in the opinion.

is sought must provide documents that originated from an unrelated entity in a prior litigation, nor is the court aware of any such requirement.[8]

The successor-in-interest debate has taken the focus away from the real issue, which is whether Viad should produce the requested documents. Viad does not dispute that the documents are discoverable. Rather, Viad insists that it does not possess any of the documents requested by Plaintiffs, including the relevant manuals, and provided a formal discovery response to this effect. Doc. 240-2 at 25. The court cannot compel a party to produce documents that are not in the party's "possession, custody or control." See Dixon, supra.; Harris v. Koenig, 271 F.R.D. 356, 371 (D.D.C. 2010) ("Lack of evidence showing that producing party is in fact in possession of a document is grounds to deny a motion to compel.") (citation omitted); Fed. R. Civ. P. 34 (parties only bound to produce documents in their "possession, custody, or control"). Accordingly, the motion will be denied.

An appropriate Order follows.

---

[8]Similarly, Plaintiffs' offer to Viad to withdraw the motion if the parties stipulate that the Griscom-Russell equipment used on aircraft carriers can be used in this case without objection, Doc. 242 at 3 & Exh. I, is of no relevance to the merits of the present motion.